IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ISAAC EARL MCALPHIN                                                                                        PLAINTIFF

v.                                                  Case No. 14-cv-1026

JUDGE SINGLETON, et al.                                                                              DEFENDANTS

## ORDER

Plaintiff, Isaac Earl McAlphin, submitted this *pro se* action for filing on May 6, 2014. ECF No. 1. Currently before the Court is Plaintiff's failure to follow a Court Order and failure to prosecute.

On three different occasions, mail sent to Plaintiff was returned as undeliverable. The Order granting *in forma pauperis* ("IFP") status was returned on May 15, 2014 because Plaintiff was no longer incarcerated at the Union County Criminal Justice Center ("UCCJC"). A Clerk's Order regarding the PLRA fee was sent to UCCJC and was returned as undeliverable on June 17, 2014. On June 18, 2014, the Court entered an Order changing Plaintiff's address to the Pulaski County Detention Center ("PCDC"). ECF No. 6. This Order was returned as undeliverable on July 7, 2014. An Order to Show Cause was entered on October 29, 2015, directing Plaintiff to show cause why he has failed to comply with the Court's order and failed to prosecute this case. ECF No. 7. This Order was not returned as undeliverable by the PCDC. Plaintiff did not respond, and Plaintiff has not communicated with the Court since he filed his Complaint on May 6, 2014.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> *It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address*, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 8th day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge